# EXHIBIT A

*Service*

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL DISTRICT
## WILL COUNTY, ILLINOIS

| | | |
|---|---|---|
| WALTER CHAVARRIA, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No.: 2021 L 000646 |
| | ) | |
| -vs- | ) | **PLEASE SERVE** |
| | ) | Brothers Group Fleet, Inc. |
| BROTHERS GROUP FLEET, INC., and | ) | VIA: Joseph E. Rebman |
| JAMES ANTHONY SEALS, Individually | ) | 165 Meramec Avenue, Suite 310 |
| and as Agent of BROTHERS GROUP | ) | Saint Louis, Missouri 63105 |
| FLEET, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

### SUMMONS

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the Clerk of this Court, **Will County Court Annex, Judge: Honorable John C. Anderson, Courtroom: Annex Room 236, Zoom ID: 930 2919 0133, Password: 236236, 100 West Jefferson Street, Joliet, Illinois 60432** within **thirty (30) days** after service of this summons, not counting the day of service. The initial case management has been set for **12/08/2021** at **9:00 a.m.** in **Annex Room 236**. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

ARDC No.: 6236638
George G. Argionis
Logan J. Meyer
**ARGIONIS & ASSOCIATES,**
180 North LaSalle Street, Suite 1925
Chicago, Illinois 60601
Telephone: (312)-782-4545
Facsimile: (312)-782-4540
Service Email: gga@argionislaw.com
Service Email: ljm@argionislaw.com

WITNESS _08/23/2021_____, 2021

*Andrea Lynn Chasteen*
Clerk of the Court

Date of Service:_____, 2021

**ANDREA LYNN CHASTEEN, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021L 000646
Filed Date: 8/20/2021 11:23 AM
Envelope: 14515460
Clerk: AJG

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL DISTRICT
## WILL COUNTY, ILLINOIS

| | | |
|---|---|---|
| WALTER CHAVARRIA, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No.: **2021L 000646** |
| | ) | |
| -vs- | ) | |
| | ) | |
| BROTHERS GROUP FLEET, INC., and | ) | |
| JAMES ANTHONY SEALS, Individually | ) | |
| and as Agent of BROTHERS GROUP | ) | |
| FLEET, INC. | ) | |
| | ) | |
| *Defendants.* | ) | |

### COMPLAINT AT LAW

### COUNT I – NEGLIGENCE
*(Walter Chavarria v. Brothers Fleet Group, Inc.)*

NOW COMES the Plaintiff, WALTER CHAVARRIA, by and through his attorneys, ARGIONIS & ASSOCIATES, LLC, and complaining of the Defendant, BROTHERS GROUP FLEET, INC., states as follows:

1. That the Defendant, BROTHERS GROUP FLEET, INC., is a corporation, which at the time of the incident was conducting business in the County of Will, State of Illinois.

2. That on or before April 29, 2019, the Defendant, BROTHERS GROUP FLEET, INC., possessed, operated, maintained, managed, and/or controlled, or, had a duty to possess, operate, maintain, manage and/or control, both directly and indirectly and through its agents, apparent agents, servants, and/or employees, the truck operated by Defendant, JAMES ANTHONY SEALS, on April 29, 2019.

3. That on or about April 29, 2019, the Defendant, JAMES ANTHONY SEALS, was employed as a truck driver for the Defendant, BROTHERS GROUP FLEET, INC., and at all times

- 1 -

Initial case management set for
12/08/2021     at:  9:00     a.m.
ROOM A236

relevant hereto, the Defendant, JAMES ANTHONY SEALS, was acting as an agent, apparent agent, servant, and/or employee for the Defendant, BROTHERS GROUP FLEET, INC.

4. That on or about April 29, 2019, the BROTHERS GROUP FLEET, INC. truck, operated by Defendant, JAMES ANTHONY SEALS, was traveling in a southbound direction on I-55 Southbound at or near the intersection of US Route 6 in the Township of Channahon, the County of Will, and the State of Illinois.

5. That on or about April 29, 2019, the Plaintiff, WALTER CHAVARRIA, was operating his 2012 Mack Truck in a southbound direction on I-55 Southbound at or near the intersection of US Route 6 in the Township of Channahon, the County of Will, and the State of Illinois.

6. That at the aforementioned time and place, a collision occurred between the vehicle operated by the Defendant, JAMES ANTHONY SEALS, and the vehicle operated by the Plaintiff, WALTER CHAVARRIA.

7. That at all times mentioned herein, it was the duty of the Defendant, BROTHERS GROUP FLEET, INC., by and through their agent, apparent agent, servant, and/or employee, JAMES ANTHONY SEALS, to exercise the ordinary care in the maintenance and operation of their motor vehicle in accordance with any and all rules governing motor vehicle travel for the State of Illinois so as to not negligently cause injury to those persons lawfully on the roadway including the Plaintiff, WALTER CHAVARRIA.

8. That at the aforementioned time and place, and in dereliction of their aforementioned duty, the Defendant, BROTHERS GROUP FLEET, INC., by and through their agent, apparent agent, servant, and/or employee, JAMES ANTHONY SEALS, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a.   Drove said vehicle at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

b.   Drove said vehicle at a speed which was greater than reasonable and proper;

c.   Operated, controlled and drive said motor vehicle without keeping a proper and sufficient lookout;

d.   Failed to keep said motor vehicle under proper and sufficient control;

e.   Operated, controlled and drove said motor vehicle into a collision with Plaintiff's vehicle, which was the proximate cause of the injuries to the Plaintiff;

f.   Failed to decrease the speed of said vehicle so as to avoid colliding with the vehicle in which Plaintiff was operating;

g.   Failed to drive in the clearly marked lane of traffic, in violation of 625 ILCS 5/11-709;

h.   Followed the vehicle in which Plaintiff was operating more closely than was reasonable and prudent, without regard for the speed of said vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

i.   Followed the vehicle in which Plaintiff was operating more closely than was reasonable and prudent, without regard for the speed of said vehicle and the traffic upon and the condition of the highway;

j.   Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301;

k.   Failed to give an audible warning with the horn on said vehicle so as to give warning of its approach, in violation of 625 ILCS 5/12-601;

l.   Failed to see and observe the vehicle in which Plaintiff was operating when it could and should have been seen and observed;

m.   Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it;

n.   Failed to properly maintain the brakes in violation of 625 ILCS 5/12-301;

o.   Failed to regularly inspect the brakes in violation of 625 ILCS 5/12-301;

p. Failed to appropriately manage the space in front of his truck in relation to the traffic ahead of him in his lane;

q. Failed to keep a proper distance from the vehicle in front of him;

r. Failed to appropriately manage the space in front of his truck in light of the traffic slowing down in front of him in his lane;

s. Failed to adjust his speeding depending on the driving conditions at the time;

t. Failed to realize that semi tractor-trailers need more distance to stop their trucks than sedan vehicles;

u. Failed to timely notice that traffic ahead of him was stopping;

v. Defendant driver was distracted and failed to perceive that traffic ahead of him was coming to a stop;

w. Failed to properly manage the space between the vehicle in front of him and his truck; and

x. Otherwise failed to keep the vehicle under proper control.

9. That the aforementioned careless and negligent acts and/or omissions of the Defendant, BROTHERS GROUP FLEET, INC., by and through their agent, apparent agent, servant, and/or employee, JAMES ANTHONY SEALS, were a direct and proximate cause of said collision and Plaintiff, WALTER CHAVARRIA'S personal injuries as hereinafter mentioned.

10. That as a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, BROTHERS GROUP FLEET, INC., by and through their agent, apparent agent, servant, and/or employee, JAMES ANTHONY SEALS, the Plaintiff then and there sustained severe and permanent injuries, and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will in the future continue to lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further

- 4 -

expended and became liable for, and will expend and become liable for, large sums of money for the medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE the Plaintiff, WALTER CHAVARRIA, by and through his attorneys, ARGIONIS & ASSOCIATES, LLC, demands judgement against the Defendant, BROTHERS GROUP FLEET, INC., in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court deems just and proper, and additionally, costs of said suit.

## COUNT II – NEGLIGENCE
*(Walter Chavarria v. James Anthony Seals)*

NOW COMES the Plaintiff, WALTER CHAVARRIA, by and through his attorneys, ARGIONIS & ASSOCIATES, LLC, and complaining of the Defendant, JAMES ANTHONY SEALS, Individually and as Agent of BROTHERS GROUP FLEET, INC., states as follows:

1.    That on and prior to April 29, 2019, Interstate-55 was a public roadway in the Township of Channahon, the County of Will, and the State of Illinois.

2.    That on or about April 29, 2019, the Plaintiff, WALTER CHAVARRIA, was operating his 2012 Mack Truck in a southbound direction on I-55 Southbound at or near the intersection of US Route 6 in the Township of Channahon, the County of Will, and the State of Illinois.

3.    That on or about April 29, 2019, the Defendant, JAMES ANTHONY SEALS, was operating his 1987 Western Star Truck in the capacity of an agent, apparent agent, servant, and/or employee of the Defendant, BROTHERS GROUP FLEET, INC., in a southbound direction on I-55 Southbound at or near the intersection of US Route 6 in the Township of Channahon, the County of Will, and the State of Illinois.

- 5 -

4.    That at the aforementioned time and place, a collision occurred between the vehicle driven by the Defendant, JAMES ANTHONY SEALS, and the vehicle in which the Plaintiff, WALTER CHAVARRIA, was driving.

5.    That at all times mentioned herein, it was the duty of the Defendant, JAMES ANTHONY SEALS, to exercise the ordinary care in the maintenance and operation of his motor vehicle in accordance with any and all rules governing motor vehicle travel for the State of Illinois so as to not negligently cause injury to those persons lawfully on the roadway including the Plaintiff, WALTER CHAVARRIA.

6.    That at the aforementioned time and place, and in dereliction of his aforementioned duty, the Defendant, JAMES ANTHONY SEALS, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a.    Drove said vehicle at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601;

b.    Drove said vehicle at a speed which was greater than reasonable and proper;

c.    Operated, controlled and drive said motor vehicle without keeping a proper and sufficient lookout;

d.    Failed to keep said motor vehicle under proper and sufficient control;

e.    Operated, controlled and drove said motor vehicle into a collision with Plaintiff's vehicle, which was the proximate cause of the injuries to the Plaintiff;

f.    Failed to decrease the speed of said vehicle so as to avoid colliding with the vehicle in which Plaintiff was operating;

g.    Failed to drive in the clearly marked lane of traffic, in violation of 625 ILCS 5/11-709;

h.    Followed the vehicle in which Plaintiff was operating more closely than was reasonable and prudent, without regard for the speed of said vehicle and the traffic upon and the condition of the highway, in violation of 625 ILCS 5/11-710;

- 6 -

i.  Followed the vehicle in which Plaintiff was operating more closely than was reasonable and prudent, without regard for the speed of said vehicle and the traffic upon and the condition of the highway;

j.  Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301;

k.  Failed to give an audible warning with the horn on said vehicle so as to give warning of its approach, in violation of 625 ILCS 5/12-601;

l.  Failed to see and observe the vehicle in which Plaintiff was operating when it could and should have been seen and observed;

m. Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it;

n.  Failed to properly maintain the brakes in violation of 625 ILCS 5/12-301;

o.  Failed to regularly inspect the brakes in violation of 625 ILCS 5/12-301;

p.  Failed to appropriately manage the space in front of his truck in relation to the traffic ahead of him in his lane;

q.  Failed to keep a proper distance from the vehicle in front of him;

r.  Failed to appropriately manage the space in front of his truck in light of the traffic slowing down in front of him in his lane;

s.  Failed to adjust his speeding depending on the driving conditions at the time;

t.  Failed to realize that semi tractor-trailers need more distance to stop their trucks than sedan vehicles;

u.  Failed to timely notice that traffic ahead of him was stopping;

v.  Defendant driver was distracted and failed to perceive that traffic ahead of him was coming to a stop;

w.  Failed to properly manage the space between the vehicle in front of him and his truck; and

x.  Otherwise failed to keep the vehicle under proper control.

7.      That the aforementioned careless and negligent acts and/or omissions of the Defendant, JAMES ANTHONY SEALS, were a direct and proximate cause of said collision and Plaintiff, WALTER CHAVARRIA'S personal injuries as hereinafter mentioned.

8.      That as a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, JAMES ANTHONY SEALS, the Plaintiff then and there sustained server and permanent injuries, and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will in the future continue to lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for the medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE the Plaintiff, WALTER CHAVARRIA, by and through his attorneys, ARGIONIS & ASSOCIATES, LLC, demands judgement against the Defendant, JAMES ANTHONY SEALS, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court deems just and proper, and additionally, costs of said suit.

Respectfully Submitted,
**ARGIONIS & ASSOCIATES, LLC**

By:_____
*One of the Attorneys for the Plaintiff*

George G. Argionis
Logan J. Meyer
**ARGIONIS & ASSOCIATES, LLC**
180 North LaSalle Street, Suite 1925
Chicago, Illinois 60601
ARDC No.: 6236638
Telephone: (312)-782-4545
Facsimile: (312)-782-4540
Service Emails: gga@argionislaw.com ; ljm@argionislaw.com

- 8 -

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021L 000646
Filed Date: 8/20/2021 11:23 AM
Envelope: 14515460
Clerk: AJG

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL DISTRICT
WILL COUNTY, ILLINOIS**

WALTER CHAVARRIA,          )
                                  )
      *Plaintiff,*         )     Case No.: **2021L 000646**
                                  )
      -vs-               )
                                  )
BROTHERS GROUP FLEET, INC., and )
JAMES ANTHONY SEALS, Individually )
and as Agent of BROTHERS GROUP   )
FLEET, INC.                    )
                                  )
      *Defendants.*      )

## AFFIDAVIT PURSUANT TO ILLINOIS SUPREME COURT RULE 222(b)

      The undersigned being duly sworn on oath hereby certifies pursuant to Illinois Supreme

Court Rule 222(b) that:

      1.    I am the Plaintiff in the above-entitled action.

      2.    I am filing an action for personal injuries with the belief that the total money

damages of this claim as it presently stands will exceed the sum of $50,000.00.

          **FURTHER YOUR AFFIANT SAYETH NAUGHT.**

                               Walter Chavarria, by his Attorney, George Argionis

SUBSCRIBED AND SWORN TO before

me this _____ day of _____, 2021.

Alfred Koritsaris
Notary Public State of Illinois
My Commission Expires 03/19/2023

**NOTARY PUBLIC**

George G. Argionis
Logan J. Meyer
**ARGIONIS & ASSOCIATES, LLC**
180 North LaSalle Street, Suite 1925
Chicago, Illinois 60601
ARDC No.: 6236638
Telephone: (312) 782-4545
Facsimile: (312) 782-4540
Service Emails: gga@argionislaw.com ; ljm@argionislaw.com