IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER CHAVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21 C 5174 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| BROTHERS GROUP FLEET, INC., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a motion to quash a subpoena duces tecum defendants served on his surgeon, Dr. Sokolowski. For the following reasons, the motion [Dkt. #52] is stricken without prejudice to refiling if necessary, and the parties' briefs on the matter are stricken as well.

Local Rule 37.2 is obligatory, not optional. It provides that "[t]o curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes":

> "a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation."

N.D.Ill.L.R. 37.2. The plaintiff's motion includes no such statement and so, under the Rule, the court will refuse to hear it.

It should be noted that courts have generally found the local rule applicable to third-party subpoenas. *See, e.g., Davis v. Mitchell*, No. 19 C 3212, 2022 WL 2073010, at *1 (N.D. Ill. June 9, 2022); *Signal Fin. Holdings LLC v. Looking Glass Fin. LLC*, No. 17 C 8816, 2021 WL 4935162, at *3 (N.D. Ill. June 10, 2021); *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 1939358, at *7 (N.D. Ill. Apr. 22, 2020). But, even if that were not the case, the motion challenging the subpoena comes, not from non-party Dr. Sokolowski, but from the plaintiff. So, strict compliance with the rule will be enforced.

Along these lines, the court notes that Dr. Sokolowski never objected to the subpoena before the time for compliance or expiration of the fourteen-day limit. Fed.R.Civ.P. 45(d)(2)(B)("A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection . . . before the earlier of the time specified for compliance or 14 days after the subpoena is served."). The only objection comes from the plaintiff, who fails to establish standing to object on grounds of undue burden. *Russell v. City of Chicago*, No. 20-CV-1163, 2022 WL 294765, at *1 (N.D. Ill. Feb. 1, 2022); *City of Rockford v. Mallinckrodt ARD, Inc.*, No. 17 CV 50107, 2020 WL 11191830, at *1 (N.D. Ill. May 27, 2020); *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013); *Allstate Ins. Co. v. Orthopedic*, P.C., No. 122MC00016JPHMJD, 2022 WL 715434, at *4 (S.D. Ind. Mar. 9, 2022). It is not until his reply brief that plaintiff argues he has a privacy interest in medical personal messages between him and his doctor, but that doesn't cover much of the subpoena asks for. Indeed, plaintiff can only point to one request out of nineteen. [Dkt. #58, at 2]. Moreover, standing should be demonstrated in an opening brief, not a reply brief. *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987)("A reply brief is for replying," not for raising points that should be addressed in an opening brief); *McCarty v. Menards*,

2

*Inc.*, 927 F.3d 468, 472, n. 2 (7th Cir. 2019); *Frazee v. Berryhill*, 733 F. App'x 831, 834 (7th Cir. 2018); *United States v. Kennedy*, 726 F.3d 968, 974 n. 3 (7th Cir. 2013); *Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013). And, surely plaintiff cannot be arguing that his medical records are off limits in a personal injury case. And, after all, there is an agreed HIPAA protective order in place. [Dkt. ##15-17].

As for relevance, the court is aware of Judge Cummings' well-written decision in *Taylor v. Kilmer*, but relevance is a fluid concept, and "magistrate [judges] . . . enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013); *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & A.ir-Conditioning Engineers, Inc.*, 755 F.3d 832, 839 (7th Cir. 2014). That discretion means there are, generally, no "wrong" discovery decisions. Being a range , not a point, discretion allows two decision-makers – on virtually identical facts – to arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996); *see also Mejia v. Cook Cty., Ill.*, 650 F.3d 631, 635 (7th Cir. 2011)("it is possible for two judges, confronted with the identical record, to come to opposite conclusions and for the appellate court to affirm both."); *United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)("The striking of a balance of uncertainties can rarely be deemed unreasonable...."). So, it always behooves parties to work out their quarrels with a little winning and losing on both sides rather than going to court and risking a complete loss. *See, e.g., Davis v. Mitchell*, No. 19 C 3212, 2022 WL 2073010, *1 ("Absent a negotiated agreement between counsel, the "loser" on a discovery motion might be "right " in the eyes of some decision makers, but "wrong" in the eyes of others."); *LKQ Corp. v. Gen. Motors Co.*, 2021 WL 4125097, at *1 (N.D. Ill.

3

2021)("Indeed, a party can only overturn a discovery ruling where there has been a mistake of law or an "abuse of discretion." Rule 72(a), Federal Rules of Civil Procedure. As to the latter, it occurs when no reasonable person could agree with the district court's decision."). Moreover, there's more than one way to attack a medical bill; defendants aren't necessarily confined to playbook espoused in *Taylor* and, whether they are or aren't, that's a matter for Judge Pacold and another day. *See* Frank H. Easterbrook, Discovery As Abuse, 69 B.U.L. Rev. 635, 639 (1989)("One common form of unnecessary discovery (and therefore a ready source of threatened discovery) is delving into ten issues when one will be dispositive. A magistrate judge lacks the authority to carve off the nine unnecessary issues; for all the magistrate judge knows, the district judge may want evidence on any one of them.").

All that being said, the defendants have not covered themselves in glory either. Many of their document requests have no limitations as to time period or go unnecessarily beyond the plaintiff. *See, e.g.*, Requests (d), (f), (j), (l), (m), (o), (p), (q), (r), (s). Request (d), as defendants seem to realize well after they issued the subpoena, is not limited to plaintiff. Requests like those will not withstand scrutiny. More offensive is the defendants' statement in their response brief that they "certainly agree to a time limit on all requests that begins on the date of the accident and ends with the present . . . " or "are willing to agree to limit the scope of the request to communications regarding the plaintiff . . . ." [Dkt. #55, at 7-8]. If so, why didn't defense counsel pick up the phone and call plaintiff's counsel when the motion to quash was filed? Or, more to the point, why didn't defense counsel draft proper requests in the first place? Perhaps counsel thought the court would redraft their many requests for them, but that's not the court's job. *See Chapman v. First Index, Inc.*, 2012 WL 13207962, at *4 (N.D. Ill. 2012)("It is not the Court's responsibility to redefine and redraft

4

discovery requests that are obviously overbroad."); *Rotstain v. Trustmark Nat'l Bank*, 2020 WL 6550501, at *7 (N.D. Tex. 2020)("The Court is not required to redraft overly broad discovery requests."); *Copeland v. C.A.A.I.R., Inc.*, 2020 WL 972754, at *5 (N.D. Okla. 2020)("... it is not the Court's responsibility to redraft discovery requests that are obviously overbroad...."); *Moskowitz v. Am. Sav. Bank, F.S.B.*, 2019 WL 7496775, at *3 (D. Haw. 2019); *Uni-Sys., LLC v. U.S. Tennis Ass'n*, 2017 WL 4081904, at *5 (E.D.N.Y. 2017); *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 13238450, at *4 (D. Nev. 2015); *Heim v. BNSF Ry. Co.*, 2014 WL 6949044, at *9 (D. Neb. 2014); *Medicis Pharm. Corp. v. Actavis Mid Atl. LLC*, 282 F.R.D. 395, 398 (D. Del. 2012); *Primm v. Aerofil Tech., Inc.*, 2012 WL 13102523, at n.4 (M.D. Fla. 2012); *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 2010 WL 502721, at *8 (D. Colo. 2010); *Dombach v. Allstate Ins. Co.*, 1998 WL 695998, at *7 (E.D. Pa. 1998).

So, the attorneys on both sides have more work to do regarding their current discovery dispute, beginning with adherence – in good faith – to Local Rule 37.2. In the unlikely event they are unable to reach an accord on what is, by all appearances, a rather routine discovery dispute in a motor vehicle accident case, with medical evidence involving a relatively common type of surgery, https://pubmed.ncbi.nlm.nih.gov/30074971/#:~:text=Results%3A%20Volume%20of%20elective%20lumbar,79.8%20per%20100%2C000)%20in%202015, they may seek court intervention once they comply with this Order and Local Rule 37.2.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 8/18/22